**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA, ex rel. PATRICIA PAUL WESTERFIELD,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF SAN FRANCISCO,<br><br>Defendant. | No. C 04-03440 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 13, 2006:

The Court **tentatively GRANTS** the motion to dismiss filed by Defendant the University of San Francisco (the "University") and **tentatively DENIES** the University's motion for more definite statement as moot. The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* Civ. L.R. 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

Each party will have twenty minutes to address the following questions:

(1) In Paragraph 58 of Plaintiff's complaint, she alleges that she was terminated on May 31, 2003. If allowed to amend her complaint, what allegations could Plaintiff allege to demonstrate that the two-year statute of limitations has not yet run that would not be inconsistent with her current allegations? *See Reddy v. Litton Industries, Inc.*, 912 F.2d 291, 296-97 (1990) (leave to amend may only be given to plead "other facts consistent with the challenged pleading") (quoting *Schreiber Dist. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

(2) What is the status of Plaintiff's state-law action? Why is Plaintiff's third claim for retaliation not barred by the doctrine of res judicata?

(3) In *Wang v. FMC Corp.,* 975 F.2d 1412, 1415-16 (9th Cir. 1992), the Ninth Circuit held that where there had been no public disclosure of the allegations or evidence surrounding three of the four projects raised in the False Claims Act suit, the public disclosure bar did not apply to the three previously undisclosed projects. Here, Plaintiff's state-law action only asserted allegations regarding the University's alleged failure to comply with requirements for providing reasonable accommodations. On what basis does the University contend that Plaintiff's allegations regarding the University's alleged false certification concerning compliance with non-discriminatory admissions practices and alleged manipulation of student disability figures have been previously disclosed? On what authority does the University rely?

(4) On what basis does Plaintiff contend it is undisputed that she voluntarily provided information to the government regarding the alleged fraud disclosed in her state-law action before filing this False Claims Act suit? If given leave to amend, could Plaintiff allege such that she did voluntarily provide the information to the government before filing this action?

(5) Plaintiff alleges the following three types of fraudulent acts: (1) false certifications concerning compliance with non-discriminatory admissions practices; (2) false certifications regarding compliance with requirements for providing reasonable

2

accommodations as required by the Americans with Disabilities Act; and (3) manipulating student disability figures to obtain federal and state funds.  If the Court provides Plaintiff leave to amend to state a claim under the False Claims Act, could Plaintiff allege with respect to each type of alleged fraud (1) the general time frame of the alleged fraud; (2) what certification(s) the University submitted; (3) what the certification(s) required the University to state; (4) what the University actually stated in the certification(s); (5) to what agency or agencies the certification(s) were provided; (6) to what funds were the certification(s) a prerequisite to receiving; and (7) who at the University committed and/or was responsible for the alleged fraudulent acts?

(6)   `1Do the parties have anything further to add?

**IT IS SO ORDERED.**

Dated: January 11, 2006

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE