IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA AND STATE OF CALIFORNIA, ex rel. PATRICIA PAUL WESTERFIELD,<br><br>    Plaintiff,<br><br>  v.<br><br>UNIVERSITY OF SAN FRANCISCO,<br><br>    Defendant.<br>_____/ | No. C 04-03440 JSW<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART UNIVERSITY'S MOTION TO DISMISS AND (2) DENYING UNIVERSITY'S ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT** |

Now before the Court is the motion to dismiss and the motion for a more definite statement filed by Defendant University of San Francisco (the "University"). Having carefully considered the parties' arguments and relevant legal authority, the Court hereby GRANTS in part and DENIES in part the University's motion to dismiss. The Court DENIES the University's motion for a more definite statement as moot.

**BACKGROUND**

In February 2003, Claimant Patricia Paul Westerfield ("Westerfield") filed a complaint in San Francisco Superior Court against the University, her former employer.[1] Westerfield subsequently filed this action against the University pursuant to the False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA"). Westerfield alleges that the University failed to comply with the Americans with Disabilities Act ("ADA") by failing to provide reasonable accommodations for disabled students, falsely certified as a condition of receiving government funding that it had complied with statutes relating to discrimination, and manipulated the data on the number of

---

[1] The University's requests for judicial notice are GRANTED. *See* Fed. R. Evid. 201.

disabled students. Westerfield also alleges that she was terminated from her position as the Coordinator of Academic Accommodations for the University in retaliation for complaining about the University's failure to comply with the ADA and manipulation of data, and thus brings a claim for retaliation under the FCA. In addition to these two federal claims, Westerfield brings similar claims under California law.

The University moves to dismiss Westerfield's two federal claims under the FCA on several grounds. Based on its presumed success in having her federal claims dismissed, the University argues Westerfield's state law claims should be dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 1367. The University also filed a motion for a more definite statement on Westerfield's federal claims. However, because, as discussed below, the Court grants the University's motion to dismiss with respect to her federal claims, the Court denies the University's motion in the alternative for a more definite statement as moot.

**ANALYSIS**

**A.     Legal Standards on a Motion to Dismiss.**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Cleggy v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Unlike a Rule 12(b)(6) motion, in moving to dismiss under Rule 12(b)(1) a party can "attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency,

and in so doing rely on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

**B.     The University's Motion to Dismiss.**

   **1.     Westerfield's Retaliation Claim.**

The University moves to dismiss Westerfield's retaliation claim on the grounds that is it barred by the statute of limitations, barred by the doctrine of *res judicata*, and fails sufficiently to allege all the elements of the claim. Because, as discussed below, the Court finds that Westerfield's claim is barred by the applicable statute of limitations, the Court need not address the University's additional arguments for dismissal.

A statute of limitations defense may be raised by a motion to dismiss where, as here, the running of the statute is apparent on the face of the complaint. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). The parties agree that California's two-year statute of limitations is applicable to Westerfield's retaliatory termination claim under the False Claims Act. *See United States ex rel. Lujan v. Hughes Aircraft*, 162 F.3d 1027, 1035 (9th Cir. 1998); Cal. Code Civ. Proc. § 335.1. Westerfield alleges that she was terminated on May 31, 2003. (Compl. ¶ 58.)[2] She did not file this action until August 20, 2004, more than two years later. Thus, based on the facts alleged in her Complaint, Westerfield's retaliation claim is time-barred. Accordingly, the Court grants the University's motion to dismiss Westerfield's retaliation claim on this basis.

The Court may provide Westerfield leave to amend her retaliation claim, but only to plead additional facts that are consistent with her original complaint. *See Reddy v. Litton Industries, Inc.*, 912 F.2d 291, 296-97 (1990) (leave to amend may only be given to plead "other facts consistent with the challenged pleading") (quoting *Schreiber Dist. Co. v. Serv-Well*

---

[2] In her opposition brief, Westerfield argues that she was not terminated until August 2002 and cites paragraph 21 of her complaint as support. However, paragraph 21 does not address Westerfield's termination. (Compl. ¶ 21 reads in its entirety: "In June 1999, the University of San Francisco hired [Westerfield] for a full-time, position as the Coordinator of Academic Accommodations. Her responsibilities, in part, included coordinating accommodations between the University staff and disabled students, ensuring that academic accommodations complied with current legal mandates, and maintaining an ongoing needs assessment of the University's assistive technology/equipment resources.")

3

*Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In opposition to the University's motion, Westerfield argues that she was not actually terminated until August 31, 2004 because on August 9, 2002 the University sent her a letter stating "it was holding open its offer until August 31, 2004 of transition payments and salary benefits." (Opp. at 9.) At the hearing on the University's motion, Westerfield clarified that her position is that the University made oral and written representations that extended the date of her termination. Specifically, she contends that the University continued to negotiate with her regarding her severance package and offered her another job. At the hearing, the Court provided Westerfield an opportunity to provide authority demonstrating that such negotiations effectively extended the date of her termination for purposes of the statute of limitations. In response, Westerfield cited *Naton v. Bank of California*, 649 F.2d 691, 695 (9th Cir. 1981),[3] for the proposition that a limitations period may be equitably modified if a defendant engages in misleading conduct that induces a plaintiff to delay filing suit.

To the extent Westerfield is arguing that the University engaged in misconduct that warrants equitably estopping the University from asserting statute of limitations defense, she has not argued that she could allege any facts demonstrating such misconduct by the University. "Equitable estoppel, also termed fraudulent concealment, halts the statute of limitations when there is 'active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.'" *Guerrero v. Gates*, 357 F.3d 911, 919 (9th Cir. 2004) (quoting *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000)); *see also Leong v. Potter*, 347 F.3d 1117, 1123 (9th Cir 2003) ("Equitable estoppel focuses on the defendant's wrongful actions preventing the plaintiff from asserting his claim."). A court may find equitable estoppel applies based on the following non-exhaustive factors: "(1) the plaintiff's actual and reasonable reliance on the defendant's conduct or representations, (2) evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct, and (3) the extent to which the

---

[3] Westerfield miscited *Naton v. Bank of California* as "64 F.2d 691, 695 and fn. 5 (C.D. Cal. 1981)." Westerfield is again admonished to take care with respect to citing cases correctly in the future. If she continues to miscite cases, the Court will impose sanctions.

4

purposes of the limitations period have been satisfied." *Santa Maria*, 202 F.3d at 1176. Here, even if Westerfield could allege facts demonstrating that the University continued to negotiate with her with respect to her severance benefits or offering her a new position, such conduct is not wrongful or deceptive. Thus, such conduct would not warrant applying equitable estoppel. Accordingly, it would be futile to provide Westerfield leave to plead facts demonstrating the University should be estopped from asserting a statute of limitations defense. *See DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992).

To the extent Westerfield seeks to allege facts demonstrating her termination was not effective until August 2002, including any facts relating to the University's alleged offers regarding her severance package and an another job, she would be alleging facts that contradict her allegation that she was terminated on May 31, 2002. Westerfield may only allege additional facts that are consistent with the complaint. *See Reddy*, 912 F.2d at 296-97. Thus, it would be futile to give her leave to amend. *See DeSoto,* 957 F.2d at 658. Therefore, the Court is dismissing Westerfield's retaliation claim without leave to amend.

**2.      Westerfield's Claim for Qui Tam Fraud.**

The University argues that Westerfield fails to plead her claim for qui tam fraud under the FCA with sufficient particularity and that Court lacks jurisdiction over her claim based on the "public disclosure" bar.

A private person, also known as a relator, may bring a qui tam action on behalf of the United States against a person or entity who defrauds the government. 31 U.S.C. §§ 3729, 3730(b). However, the court's jurisdiction is limited by 31 U.S.C. § 3730(e)(4), which provides: "No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions ... unless the action is brought by the Attorney General or the person bringing the action is an original source of the information." 31 U.S.C. § 3730(e)(4)(A). The statute defines an "original source" as "an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information." 31 U.S.C. § 3730(e)(4)(B). Westerfield, "as the qui

5

tam plaintiff, bears the burden of establishing subject matter jurisdiction." *See United States v. Alcan Electrical and Engineering, Inc.*, 197 F.3d 1014, 1018 (9th Cir. 1999).

To determine whether Westerfield's FCA claim is jurisdictionally barred, the Court must first determine whether her claim is based upon allegations or transactions that had been publicly disclosed. *See Seal 1 v. Seal A*, 255 F.3d 1154, 1159 (9th Cir. 2001) (court must determine whether at the time the FCA claim is filed, "there has been a 'public disclosure' of the 'allegations or transactions' on which the claim is based") (quoting 31 U.S.C. § 3730(e)(4)(A)). The University contends that Westerfield's FCA claim had been previously disclosed in the course of the litigation of Westerfield's previously-filed state court action. Documents filed in court in the context of litigation are sufficient to publicly disclose information. *United States v. Alcan Electrical and Engineering, Inc.*, 197 F.3d 1014, 1020 (9th Cir. 1999). Thus, the only issue is whether Westerfield's FCA claim is based on the allegations or transactions disclosed by the filings in Westerfield's state court action.

As noted, Westerfield bears the burden of establishing subject matter jurisdiction. In her opposition brief, Westerfield did not dispute that the allegations which form the basis of her FCA claim had been previously disclosed by her complaint and related filings in the state law action. Rather, she merely argued that she qualifies as an original source. (Opp. at 6.) At the hearing on this motion, Westerfield argued that her state law complaint was not a public disclosure under the FCA because it did not plead fraud. However, the substance of the prior disclosures need not explicitly mention the FCA nor explicitly allege the fraud to constitute a public disclosure. *See Alcan Electrical and Engineering*, 197 F.3d at 1019-20 (holding that previous complaint that did not mention the FCA or any overcharging, false certification or any other specific fraud on the government still constituted public disclosure). The prior filings will constitute public disclosure if they "contained enough information to enable the government to pursue an investigation against" the University. *See id.* at 1019; *see also United States ex rel. Longstaffe v. Litton Indus., Inc.*, 296 F. Supp. 2d 1187, 1192 (C.D. Cal. 2003) ("Section 3730(e)(4)(A)'s jurisdictional bar is triggered whenever a plaintiff files a qui tam complaint containing allegations or describing transactions 'substantially similar' to those already in the

6

public domain so that the publicly available information is already sufficient to place the government on notice of the alleged fraud.")

Westerfield filed a complaint in state court asserting a variety of employment related claims against the University. (University's Request for Judicial Notice, Ex. A.) In her state court complaint, she alleged that the University was not in compliance with the directives of the ADA because: (1) copiers were not accessible to disabled students; (2) computers lacked assistive hardware and software for disabled students; (3) computers were not available or accessible to disabled students; and (4) there were no tables accessible to disabled students in the computer laboratory. (*Id*., Ex. A at ¶ 36.) Westerfield further alleged that she observed and notified the University of other ADA violations including failing to have a transaction plan and failing to provide verified information services and accommodations forms to disabled students. (*Id*., Ex. A at ¶¶ 39-40.) Westerfield alleged that the University was not complying with the requirements of the ADA even though the University was receiving government funding. (*Id*., Ex. C at ¶ 18.) According to Westerfield, the University retaliated against her for complaining of its failure to comply with the ADA and fabricated a pretextual reason for terminating her. (*Id*., Ex. A at ¶ 44.) She alleged that her supervisor proposed that Westerfield's department be "reorganized" and that her position be eliminated. A month later, the dean wrote a letter requesting to eliminate Westerfield's position because "student numbers, needs and accommodations had changed." (*Id*., Ex. A at ¶¶ 44-45; *see also* Ex. C at ¶ 20 ( "Defendant Johnson participated in a hoax to remove Westerfield from her position by pretending that her job was being eliminated because student numbers, needs and accommodations had changed.").) In the state court action, Westerfield also filed a motion to compel further discovery responses and attached as exhibits to her motions her interrogatory requests and the University's responses, including questions regarding how the numbers of students receiving disability related services had changed. (University's Supplemental Request for Judicial Notice, Ex. H.)

In her FCA claim before this Court, Westerfield now alleges that the University failed to comply with the ADA by failing to provide reasonable accommodations for disabled students, falsely certified as a condition of receiving government funding that it has complied with

7

statutes relating to discrimination, and manipulated data on the number of disabled students. With the exception of her comment that the state court action does not plead fraud, Westerfield fails substantively to counter the University's jurisdictional argument. Westerfield thus fails to meet her burden to establish subject matter jurisdiction. *See Alcan Electrical and Engineering*, 197 F.3d at 1018. In light of Westerfield's failure to meet her burden, the Court concludes that the allegations and transactions disclosed in her state court action are "substantially similar" to the allegations which form the basis of her FCA claim. Accordingly, Westerfield must demonstrate she is an original source. *See Seal 1*, 255 F.3d at 1162 (if a court finds the information underlying the FCA claim was publicly disclosed, the court must then determine whether the FCA plaintiff was an "original source")

To qualify as an original source, Westerfield must show (1) that she voluntarily disclosed the information to the government before filing the FCA claim and (2) that she has direct and independent knowledge of the information on which the allegations of her FCA claim are based. *See* 31 U.S.C. § 3730(e)(4)(B); *see also Seal 1*, 255 F.3d at 1162. Here, although Westerfield represented at the hearing that she voluntarily notified the government before filing this suit, she did not allege such facts in her complaint or provide evidence demonstrating her compliance with this requirement. Therefore, the Court dismisses her FCA claim with leave to amend to allege facts demonstrating Westerfield voluntarily provided the information to the government before filing this suit.[4]

If Westerfield chooses to amend her FCA claim, she must allege facts to satisfy the other requirement of being an original source, *i.e.*, that she has "direct and independent knowledge of the information on which the allegations are based." *See* 31 U.S.C. § 3730(e)(4)(B). Westerfield's toughest challenge is likely to be demonstrating that she has "direct" knowledge

---

[4] The University argues that Westerfield was required to provide notice to the government before filing the action in state court. (Reply at 10-11.) However, Westerfield merely needs to provide notice before filing the FCA claim. *See* 31 U.S.C. § 3730(e)(4)(B). (defining "original source" as an individual who "has voluntarily provided the information to the Government *before filing an action under this section* which is based on the information.") (emphasis added); *see also Alcan Electrical and Engineering*, 197 F.3d at 1020 (where information was publicly disclosed in previous complaint, the court noted qui tam plaintiff met the notice requirement because he voluntarily provided the government the information before filing the FCA action).

of the alleged fraud. To make such a showing, Westerfield must demonstrate she "had firsthand knowledge of the alleged fraud, and that he obtained this knowledge through [her] 'own labor unmediated by anything else.'" *Alcan Electrical and Engineering*, 197 F.3d at 1019; *see also Wang v. FMC Corp.*, 975 F.2d 1412, 1417 (9th Cir. 1992) (finding relator had "direct and independent knowledge" of the fraud because "he saw [it] with his own eyes" and his knowledge was "unmediated by anything but [his] own labor."). The Court notes that Westerfield may have difficulty making this showing. In response to the University's argument that her FCA claim is not plead with sufficient particularity, she countered that her pleading requirements should be relaxed to the extent the knowledge of the information is held exclusively by the University. (Opp. at 4-5.) If only the University, and not Westerfield, has knowledge of the alleged fraudulent acts, then Westerfield would not be able to qualify as an original source.[5]

### 3. Westerfield's State Law Claims.

Premised on an assumption that the Court would grant the University's motion and dismiss Westerfield's federal claims without leave to amend, the University moves to dismiss her state law claims pursuant to 28 U.S.C. § 1367. Although the Court is dismissing Westerfield's federal claims, the Court provides her leave to amend her FCA claim. Therefore, the Court denies the University's motion as to Westerfield's state law claims without prejudice to moving again if the Westerfield does not amend her FCA claim or if the Court later dismisses her FCA claim without leave to amend.

///
///
///
///

---

[5] The University also moved to dismiss Westerfield's FCA claim on the grounds that she failed to plead it with sufficient particularity. Claims brought under the False Claims Act must be plead with particularity in compliance with Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"). *United States ex rel. Lee v. Beecham*, 245 F.3d 1048, 1051 (9th Cir. 2001). Because the Court has already dismissed Westerfield's FCA claim, the Court need not address this argument. However, the Court notes that if Westerfield chooses amend her FCA claim she should take care to meet the heightened pleading standard of Rule 9(b).

9

**CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART the University's motion to dismiss and DENIES as MOOT the University's motion for a more definite statement.

**IT IS SO ORDERED.**

Dated: February 14, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE