**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA, ex rel. PATRICIA PAUL WESTERFIELD,<br><br>  Plaintiffs,<br><br>  v.<br><br>UNIVERSITY OF SAN FRANCISCO,<br><br>  Defendant. | No. C 04-03440 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JULY 28, 2006:

The Court **tentatively GRANTS** the motion to dismiss filed by Defendant the University of San Francisco (the "University"). The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* Civ. L.R. 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

Each party will have fifteen minutes to address the following questions:

(1) Defendants argue that the order of dismissal with prejudice is a final judgment because Westerfield did not appeal this order. In light of the fact that this order dismissed some, but not all, of the claims between Westerfield and the University, and that the remainder of this action is currently pending in state court, could Westerfield have filed an appeal of this order? If not, what authority supports the University's position that the dismissal of Westerfield's federal claims was a final judgment for purposes of *res judicata*?

(2) Westerfield argues that the Court may relax the pleading standards for her FCA claim because the University has unique access to the requisite information regarding any certifications. However, even if the Court could lessen the pleading requirements, how does Westerfield's request not conflict with her argument that she is an "original source" of the University's fraudulent conduct? *See United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 560 (8th Cir. 2006) (noting that claimant's argument for a relaxed pleading standard where the information concerning the alleged fraud is uniquely within the defendant's control conflicts with claimant's allegation that he is an "original source" of the alleged fraudulent conduct); *see also United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 230 (1st Cir. 2004) (noting that the definition of "original source," as someone who has direct and independent knowledge of the information, excludes individuals who need information that is not in their possession to adequately state their FCA claim).

(3) Specifically what federal grants or other funding does Westerfied contend the University received that require certification of compliance with the Rehabilitation Act and the ADA as a condition to obtain such funds?

  (a) What if any support does Westerfield have for alleging such federal grants require certification of compliance with the Rehabilitation Act and the ADA as a prerequisite to obtain funding?

  (b) When does Westerfield allege the University applied for and received such funds?

2

United States District Court
For the Northern District of California

1  (4) Do the parties have anything further to add?

2  **IT IS SO ORDERED.**

4  Dated: August 3, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE